UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CV RESTORATION, LLC,

    Plaintiff,

v.                                                        Case No: 8:17-mc-00020-EAK-JSS

DIVERSIFIED SHAFTS SOLUTIONS,
LLC,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Seal Pursuant to Court Order ("Motion"). (Dkt. 21.) Plaintiff filed a motion to compel, for sanctions, and for an order of contempt ("Motion to Compel") (Dkt. 1), in which Plaintiff seeks to compel documents from non-party Short Block Technologies, Inc. ("Short Block"). In the Motion to Compel, Plaintiff argues that Short Block's two rounds of production are deficient and stated that it attached Short Block's production as exhibits 14 and 15. (Dkt. 1 at 6, n.1.) Although Plaintiff attached Short Block's first round of production to the Motion to Compel as exhibit 14 (Dkt. 1-15), Plaintiff did not attach the second round of production. Accordingly, the Court ordered Plaintiff to file the second round of production. (Dkt. 20.)

In the Motion, which was filed with Short Block's consent, Plaintiff requests that it be permitted to file the second round of production under seal. Plaintiff states that in the underlying case to which this miscellaneous proceeding relates, the court entered a stipulated order governing the confidentiality of discovery materials. (Dkt. 21-1.) Pursuant to the confidentiality order, if a party intends to file documents produced in the course of discovery, whether by the parties or non-parties, that are designated as confidential, the documents shall be filed under seal. (Dkt. 21-1.)

Plaintiff states that the documents in Short Block's second round of production are governed by the confidentiality agreement, and therefore requests that these documents be filed under seal for the period of one year. (Dkt. 21 ¶ 2.)

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal citations omitted). "[D]iscovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). However, "[t]his right of access is not absolute" and "does not apply to discovery and, where it does apply, may be overcome by a showing of good cause." *Romero*, 480 F.3d at 1245.

Upon consideration, the Court finds that the parties have met the requirements of Local Rule 1.09 and have shown good cause as to why the second round of production should be filed under seal. Specifically, in light of the confidentiality order entered by the court in the underlying case and the designation of these documents as confidential, and because these documents will aid the Court's resolution of the Motion to Compel, the Court finds good cause to permit Plaintiff to file these documents under seal. Accordingly, it is

**ORDERED**:

1. The Motion (Dkt. 21) is **GRANTED**.

2. The Clerk is directed to accept, under seal, the documents Plaintiff refers to as "Exhibit 16" in support of the Motion to Compel.

3. The documents shall remain under seal for a period of one (1) year. *See* M.D. Fla. Local R. 1.09(c).

**DONE** and **ORDERED** in Tampa, Florida on April 21, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record